IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNDERWRITERS AT INTEREST
a/s/o ORLEANS INTERNATIONAL, INC.

    Plaintiffs,

vs.

                                        CASE NO.:

HABANA EXPRESS LLC.

    Defendants,
_____/

## COMPLAINT

Plaintiff, UNDERWRITERS AT INTEREST a/s/o ORLEANS INTERNATIONAL, INC. (hereinafter "ORLEANS") by and through the undersigned counsel, sue the Defendants HABANA EXPRESS LLC. (hereinafter "HABANA") and alleges further as follows:

## THE PARTIES

1. At all times relevant hereto the Plaintiff was and is a group of foreign insurance companies and underwriters with principal offices located in London, England who issued policy number B0180PC14440 covering ORLEANS and having paid its insured for the claim set forth herein, now therefore bring this action in their name in subrogation against a party liable for the loss.

2. ORLEANS is a foreign corporation headquartered in Farmington Hills, Michigan that utilized American Logistics Group, Inc., a freight broker, to retain a licensed and insured trucking company to transport and safely deliver its shipment from Miami, Florida to California.

3. American Logistics Group, Inc. contracted the defendant HABANA to pick up,

1

transport, and to safely and timely deliver 901 cartons of Frozen Lamb, valued at $165,266.75, from Miami, Florida and to deliver them to Milpitas, California on or before January 29, 2020.

4. HABANA is a foreign corporation with its principal address located at 1072 S. Zeno Way, Apt. 102, Aurora, CO, 80017, and was at the time of hire, supposed to be federally licensed by the USDOT under Number 2868914 and MC number 961610 with its business address located at 5995 Quebec St., Commerce City, Colorado 80022. (See Exhibit "1")

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 1331 and also 1337, with respect to this cause of action which arises out of the transportation of the subject cargo via interstate commerce under the laws and/or treatise of the United States and specifically the Carmack Amendment, 49 U.S.C. § 14706 et seq. and the amount in controversy exceeds the sum of $10,000 exclusive of interest and the costs of this action.

6. Jurisdiction also exists under 28 U.S.C. Section 1332 as this action is between citizens of different states, and the loss took place in the state of Florida, and within Pasco County, Florida which is within the jurisdiction of this Court and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is proper in this judicial district where defendant operated and where the loss of the cargo is alleged to have actually taken place specifically in the town of San Antonio, Pasco County, Florida.

8. At all times relevant hereto, defendant held itself out as an interstate motor carrier of goods and acted as the actual carrier of the goods in question and had custody and responsibility for the goods at the time of the loss.

9. On or before January 29, 2020, a trailer loaded with 901 cartons of frozen lamb was

picked up by Rene David Hechavarria, as driver for the Defendant, HABANA at Miami, Florida for ultimate delivery to California.

10. Mr. Hechavarria is the alleged owner of HABANA who claims that after departing Miami, as the driver he began his route towards California, until he stopped and parked the tractor and trailer at the Flying J Truck Stop located at 29933 State Road 52, San Antonio, Florida 33567.

11. Defendants failed to protect the cargo from loss while in transit while same was in their care, custody and failed to deliver the equipment in the same in good order and condition as when received and claims that the trailer was stolen from the truck stop as reported to the Pasco Sherriff's Office on January 26, 2020. (See Exhibit "2")

12. The shipment was never delivered as contracted for and the defendant has failed to indemnify the Plaintiff's insured for this loss.

13. At no time did HABANA limit its liability for the loss of and/or damage to the shipment.

14. On or before March 27, 2020 HABANA was timely placed on notice of this claim and it has failed to and/or refused to indemnify Plaintiff for this loss. (See Exhibit "3")

15. Plaintiff had prior thereto issued a policy of cargo coverage to its insured which provided coverage for the cargo that is the subject of the complaint and which coverage was triggered when defendant's insurer refused to pay and indemnify ORLEAN for this loss.

16. As a result, UNDERWRITERS made payment to their insured in accordance with its insurance policy, paying its insured to the maximum amount of coverage provided by said policy, to wit, $155,266.75, which sum excludes the insured's deductible of $10,000 and by reason thereof becoming subrogated thereafter to proceed against the parties responsible for

this loss for the sum of $165,266.75 plus interest and the costs of this action. (See, Exhibit "4")

## COUNT I- BREACH OF OBLIGATIONS
## VIOLATION OF CARMACK AMENDMENT

17. Plaintiff's repeat and re-allege paragraphs 1-18 the same as if each were more fully set forth herein verbatim.

18. Pursuant to 49 U.S.C Section 14706, under the Carmack Amendment, defendant, as receiving and/or delivering motor carrier of the cargo and as the actual carrier of the cargo, is responsible and liable for all damages resulting from the failure to deliver the cargo in the same condition as when it was received by them.

19. By reason of the foregoing, Defendant is fully liable for plaintiffs' damages which it was obligated to pay to its insured, plus it is also liable for any additional damages or losses which were uninsured and/or in excess of the insurance coverage which sum exceeds $165,266.75.

20. Defendant HABANA and its insurer, Progressive Insurance Company, were both placed on notice of this claim and the damages being claimed, but neither of which have made good on their liability for damages and each remains fully liable for the damage to the shipment.

21. Progressive Insurance Company has denied coverage for the claim because it asserts that its insured did not comply with its demand to submit for a statement. (See Exhibit "5").

22. American Logistics Group, Inc. had its agent issue a Certificate of Liability Insurance which included Contingent Cargo coverage with limits of $250,000 but the carrier

4

named denies that it provides such coverage. (See Exhibit 6).

23.  All other conditions precedent, if any, have been performed and/or waived by defendants.

**WHEREFORE,** plaintiffs respectfully demand judgment against the defendant in the amount of $ 165,266.75 plus the additional costs and expenses together with pre and post judgment interest, the costs of this action and such other and further relief as is just and proper under the circumstances.

Dated: January 6, 2021

        Respectfully,

        Shadowitz Associates, P.A.
        Attorneys for Plaintiffs
        UNDERWRITERS AT INTEREST
        a/s/o ORLEANS INTERNATIONAL, INC.
        7777 Glades Rd. Suite 100
        Boca Raton, FL 33434
        Tel: 561-241-6740 Fax: 561-990-20110
        Cell Phone 561-716-2997

        By: *Mitchell L. Shadowitz*
            MITCHELL L. SHADOWITZ
            FLA. BAR #: 0899682

Case 8:21-cv-00030   Document 1   Filed 01/06/21   Page 6 of 6 PageID 6